UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAIME L. COLLAZO,

    Petitioner,

v.                                                       Case No. 5:11-cv-524-Oc-30TBS

WARDEN, FCC COLEMAN- USP I,

    Respondents.
_____

**ORDER OF DISMISSAL**

Petitioner, *pro se*, initiated this case by filing a document styled as a "Motion to Vacate Sentence Based Upon a Fundamental Miscarriage of Justice," pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, serving a sentence imposed by the United States District Court for the Eastern District of Pennsylvania..[1]

Petitioner attacks the validity of his sentence rather than the means of its execution. Petitioner was denied relief under 28 U.S.C. § 2255.[2] Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition. *See* 28 U.S.C. § 2255. However, under these circumstances, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this one "shall not be entertained if it appears

---

[1] *See United States v.Collazo*, case no. 2:99-cr-0304.

[2] *See United States v.Collazo*, case no. 2:99-cr-0304 at Doc. 73.

that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief ..."

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, the unavailability of relief under § 2255 because of a limitations or other bar does not demonstrate that the § 2255 remedy is inadequate or ineffective. *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (*citing Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Petitioner has identified no retroactively applicable Supreme Court decision that establishes that Petitioner's offenses of conviction are "nonexistent" within the meaning of *Wofford*. Accordingly, the Petition under 28 U.S.C.§ 2241 (Doc. 1) is **DISMISSED.** The Clerk is directed to dismiss the Petition with prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on November 17, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

cc: Jaime L. Collazo

2